UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CH HOLD CORP. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:17-CV-2396 |
| UNIVERSAL UNDERWRITERS OF TEXAS INSURANCE COMPANY | § § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT UNIVERSAL UNDERWRITERS OF TEXAS INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Universal Underwriters of Texas Insurance Company ("UUTIC") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

**I.
INTRODUCTION**

1. Plaintiff CH Hold Corp. ("Plaintiff") commenced this lawsuit on August 4, 2017 by filing Plaintiff's Original Petition and Request for Disclosure ("Petition") in the 14th Judicial District Court of Dallas County, Texas – Cause No. DC-17-09546.

2. Plaintiff's Petition, which includes a jury demand, names UUTIC as defendant.

3. UUTIC was served with Plaintiff's Petition on August 16, 2017.

4. Defendant thus files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

5. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

7. Plaintiff CH Hold Corp. is incorporated in the state of Delaware with its principal place of business in Texas. Plaintiff CH Hold Corp. is a thus citizen of both Delaware and Texas for diversity jurisdiction purposes.

8. Defendant UUTIC is an insurance company incorporated in the State of Illinois with its principal place of business in Schaumburg, Illinois. UUTIC is thus a citizen of Illinois for diversity jurisdiction purposes.

9. Complete diversity of citizenship exists between Plaintiff on the one hand and Defendant UUTIC on the other hand (now and on the date Plaintiff filed this lawsuit).

**B.   Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10. It is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees. Therefore, Defendants' burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[1]

---

[1] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

11. Here, Plaintiff's Petition states that Plaintiff "has suffered damages in an amount not less than $655,418.68 as well as attorneys' fees in an amount not less than $30,000."[2] It is thus facially apparent that Plaintiff's claim exceeds this Court's jurisdictional threshold of $75,000.

### III.
### CONCLUSION

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas promptly after the filing of this Notice.

13. Pursuant to Rule 81.1 of the Local Rules of the Northern District of Texas, Defendants are filing this Notice of Removal, accompanied by the following exhibits:

   a. An Index of Matters Being Filed, attached as Exhibit A;

   b. A copy of the docket sheet in the state court action, attached as Exhibit B;

   c. Plaintiff's Original Petition and Request for Disclosure, attached as Exhibit C;

   d. Defendant's Original Answer and Affirmative Defenses to Plaintiff's Original Petition, attached as Exhibit D;

   e. Civil Case Information Sheet filed in the state court action, attached as Exhibit E;

   f. Citation issued to Universal Underwriters of Texas Insurance Company, attached as Exhibit F;

   g. Return of Service, filed on August 22, 2017, attached as Exhibit G; and

   h. Defendant's Certificate of Interested Parties and Corporate Disclosure Statement, which complies with Local Rule 3.1(c), attached as Exhibit H.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

---

[2] Plaintiff's Petition at p. 8, ¶55.

WHEREFORE, Defendant Universal Underwriters of Texas Insurance Company requests that this action be removed from the 14th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By: */s/ Thomas H. Cook, Jr.*
    Thomas H. Cook, Jr.
    Texas Bar No. 00783869
    tcook@zelle.com
    Shannon M. O'Malley
    Texas Bar No. 24037200
    somalley@zelle.com
    Lindsey P. Bruning
    Texas Bar No. 24064967
    lbruning@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone: (214) 742-3000
Facsimile: (214) 760-8994

**ATTORNEYS FOR DEFENDANT
UNIVERSAL UNDERWRITERS OF TEXAS
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

On September 8, 2017, a true and correct copy of Defendant Universal Underwriters of Texas Insurance Company's Notice of Removal was served upon all known counsel of record pursuant to the Federal Rules of Civil Procedure as follows:

Ernest Martin, Jr.
Michael Stoner
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7673
Ernest.Martin@havnesboone.com
Michael.Stoner@havnesboone.com
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

ATTORNEYS FOR PLAINTIFF

                                                */s/ Thomas H. Cook, Jr.*
                                                Thomas H. Cook, Jr.