# EXHIBIT "C"

FILED
DALLAS COUNTY
8/4/2017 3:15 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

CAUSE NO. DC-17-09546

| | | |
|---|---|---|
| CH HOLD CORP. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| UNIVERSAL UNDERWRITERS OF TEXAS INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

1.  Plaintiff CH Hold Corp. ("Caliber") files this Original Petition against Defendant Universal Underwriters of Texas Insurance Company ("UUTIC") as follows:

**I.**

## DISCOVERY LEVEL

2.  Plaintiff Caliber pleads that discovery should be conducted under Level 2 in accordance with Rule 190.3 of the Texas Rules of Civil Procedure.

**II.**

## PARTIES

3.  Plaintiff Caliber is a Delaware corporation with its principal place of business in Texas.

4.  Defendant UUTIC is an Illinois corporation who regularly conducts insurance business in Texas.

**III.**

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this matter because the amount in controversy, exclusive of interest and costs, exceeds the Court's minimum jurisdictional limits.

6. Venue is proper in Dallas County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, Texas.

**IV.**

**FACTUAL BACKGROUND**

**A.   The Policy.**

7. Caliber is the Named Insured under Insurance Policy 348658 issued by UUTIC (the "Policy").

8. The Policy provides policy limits of $111,736,709 with a deductible of $2,500 per vehicle with a maximum deductible of $10,000 per event.

9. The Policy provides that UUTIC insures "LOSS of or to a COVERED AUTO . . . from any cause, except as stated otherwise in the declarations or excluded…"

10. A "Covered Auto" under the Policy is an Auto either (1) owned or acquired by Caliber, or (2) not owned by Caliber, but in Caliber's care, custody, or control.

11. A Customer Auto is a Covered Auto which is not owned by Caliber, but within Caliber's care, custody or control for safekeeping, storage, service, or repair.

12. Exclusion Q to the Policy excludes, in pertinent part, coverage for Loss to a Customer's Auto which (1) results from hail, but not if Caliber is legally liable for such Loss, or

(2) results from Caliber accepting responsibility for Loss under any agreement, if such Loss results from hail.

13. Exclusion Q to the Policy does not apply to Covered Autos which are not Customer's Autos.

14. Exclusion Q to the Policy also does not apply to Customer's Autos of Special Repair Programs. "Special Repair Programs" are defined in the Policy as "contracted programs which have special requirements." The terms "contracted programs" and "special requirements" are not defined anywhere in the Policy.

**B.    The 2016 Hailstorm.**

15. Prior to the inception of the Policy, Caliber had a similar insurance policy (the "Predecessor Policy") with UUTIC which provided the same coverage with respect to hail damage to Covered Autos.

16. On or around April 12, 2016 and April 25, 2016, hailstorms caused damage to several automobiles at Caliber locations in San Antonio, Texas.

17. After accounting for a $2,500 per automobile deductible (with a maximum deductible of $10,000 per event), UUTIC paid the entire loss under the Predecessor Policy for each of the automobiles damaged in the San Antonio hailstorm regardless of whether Caliber's direct repair program ("DRP") contracts expressly made the insured responsible for loss or damage to a customer's automobile irrespective of Caliber's negligence, or whether Caliber's DRP contract required Caliber to provide direct primary coverage for loss or damage to customer automobiles in its possession.

18. UUTIC's handling of the claim, and the resulting payment for the damage to its Customer Autos caused by the San Antonio hailstorm, confirmed Caliber's understanding of how the coverage afforded under the Predecessor Policy would be interpreted and applied.

19. When Caliber renewed the Predecessor Policy, Caliber relied on UUTIC's interpretation of the policy language as part of its understanding of the scope of coverage afforded under the new Policy.

20. When Caliber renewed the Predecessor Policy, UUTIC did not provide Caliber with any notice that the Policy would not afford the same coverage with respect to hail damage to automobiles that was provided under the Predecessor Policy and which applied to the San Antonio hailstorms.

C.   **The 2017 Hailstorms.**

21. On or around March 26, 2017, a hailstorm damaged approximately 147 automobiles at several Caliber locations in the Dallas-Ft. Worth metropolitan area.

22. On or around April 26, 2017, a second hailstorm damaged approximately 59 automobiles at several Caliber locations in the Dallas-Ft. Worth metropolitan area.

23. After each of the hailstorms, Caliber promptly notified UUTIC of the damage and gave UUTIC the opportunity to come to Caliber's locations to inspect the damage.

24. UUTIC has denied coverage for 102 Covered Autos damaged in the March 26, 2017 hailstorm and 42 Covered Autos damaged in the April 26, 2017 hailstorm.

25. In direct contradiction to UUTIC's previous policy interpretation with respect to adjusting claims for damage to Covered Autos caused by the 2016 hailstorm in San Antonio, UUTIC now asserts that the Policy only covers a limited number of Covered Automobiles with respect to hail damage.

26.   In fact, prior to July 10, 2017, UUTIC never informed Caliber that it considered its payment of Caliber's loss for the damage to automobiles during the 2016 San Antonio hailstorms to be an "error" as UUTIC described it its denial of coverage.

27.   Specifically, UUTIC has improperly interpreted the Policy as providing coverage only for those Customer Autos for which Caliber has a DRP contract which expressly made Caliber responsible for loss or damage to a customer's automobile irrespective of Caliber's negligence, or whether Caliber's DRP contract required Caliber to provide direct primary coverage for loss or damage to customer automobiles in its possession.

28.   UUTIC's interpretation of the Policy is contrary to both the express language of the Policy and the Parties' mutual interpretation of the policy language with respect to coverage for hail damage to automobiles.

## V.

## CAUSES OF ACTION

**A.   Count One – Breach of Contract.**

29.   Caliber incorporates the foregoing allegations herein by reference.

30.   The Policy is a valid and enforceable contract.

31.   As a Named Insured, Caliber has standing to assert claims for benefits under the Policy.

32.   Caliber performed all conditions precedent under the Policy.

33.   The Policy unambiguously obligates UUTIC to cover damage to all of the Covered Autos caused by the Hailstorms. Alternatively, the Policy's provisions are ambiguous and must be construed in favor of coverage.

34. UUTIC breached its contract by refusing to cover the Loss for all of the Covered Autos.

35. As a direct, proximate, and foreseeable consequence of UUTIC's breaches of its obligations, Caliber has suffered injury and damage in excess of this Court's minimum jurisdictional limits.

36. Caliber seeks to recover its actual damages, consequential damages, and attorneys' fees and expenses incurred because of UUTIC's contract breaches.

**B.    Count Two – Estoppel.**

37. Caliber incorporates the foregoing allegations herein by reference.

38. When UUTIC paid Caliber's claim for the damages caused by the April 12, 2016 hailstorm, UUTIC represented to Caliber that such claims were covered under the terms of the Predecessor Policy.

39. Caliber relied on this representation when it renewed its insurance coverage with UUTIC by purchasing the Policy with the same terms and conditions as the Predecessor Policy.

40. Caliber's reliance on UUTIC's representations regarding coverage for hail damage to Covered Autos under the language in the Predecessor Policy and the Policy was reasonable.

41. It would be inequitable to permit UUTIC to deny coverage for the damage caused by hail to Covered Autos after Caliber relied on UUTIC's representations regarding the scope of coverage afforded under the language at issue in the Policy.

**C.    Count Three – Chapter 542 of the Texas Insurance Code.**

42. Caliber incorporates the foregoing allegations herein by reference.

43. Caliber has a claim under the Policy for loss to Covered Autos sustained as a result of the hailstorms and has satisfied all conditions under the Policy.

44. UUTIC has engaged in conduct that violates Chapter 542 of the Texas Insurance Code in connection with the claim.

45. Consequently, Caliber is entitled to the damages set forth in Section 542.060 of the Texas Insurance Code, including, in addition to the amount of Caliber's loss, interest at the rate of eighteen percent (18%) per annum as well as any and all other relief provided.

D. **Count Four – Attorneys' Fees.**

46. Caliber incorporates the foregoing allegations herein by reference.

47. As a result of UUTIC's breaches of its contract with Caliber, and UUTIC's Texas Insurance Code violations, Caliber was required to retain the legal services of the law firm of Haynes and Boone, LLP of Dallas, Texas. Caliber has agreed to pay Haynes and Boone, LLP a reasonable fee for its services necessarily rendered and to be rendered in this action. Although Caliber presented its claim for damages to UUTIC, UUTIC did not tender full payment. Accordingly, Caliber is entitled to an award of its reasonable and necessary attorneys' fees and expenses incurred pursuing its claim against UUTIC in an amount to be established at trial.

**VI.**

**NOTICE OF INTENT TO PURSUE CLAIM UNDER**

**CHAPTER 541 OF THE TEXAS INSURANCE CODE**

48. The foregoing allegations are incorporated herein by reference.

49. Pursuant to Section 541.154 of the Texas Insurance Code, Caliber hereby provides notice of intent to pursue a claim against UUTIC under Section 541.151 of the Texas Insurance Code by amending this suit after 60 days.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**                                                                                   7

16417032_1

50. UUTIC has violated Section 541.060(1) of the Texas Insurance Code by misrepresenting that the Policy requires that Caliber assumes complete liability with a third party to constitute a "Special Repair Program."

51. UUTIC has violated Section 541.061(2) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Caliber's claim when its liability was reasonably clear.

52. UUTIC has violated Section 541.060(3) of the Texas Insurance Code by denying coverage for Caliber's claim without providing a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the denial.

53. UUTIC has violated Section 541.060(7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

54. UUTIC has violated Section 541.061 of the Texas Insurance Code by making misrepresentations of the insurance policy through the following acts: (1) making untrue statements of material fact, (2) failing to state a material fact necessary to make other statement made not misleading, considering the circumstances under which the statements were made, (3) making a statement in a manner that would mislead a reasonably prudent person to the false conclusion of material fact, and (4) making a material misstatement of law.

55. As a result of UUTIC's conduct, Caliber has suffered damages in an amount not less than $655,418.68 as well as attorneys' fees in an amount not less than $30,000.

56. UUTIC knowingly committed one or more of the violations referenced above and thus Caliber seeks, in addition to actual damages, court costs, and attorneys' fees, in an amount not to exceed three times the amount of actual damages.

## VI.

## JURY DEMAND

57. Pursuant to Texas Rule of Civil Procedure 216, Caliber demands a jury trial in this matter and has paid the required jury fee.

## VII.

## REQUEST FOR DISCLOSURE

58. Pursuant to Texas Rule of Civil Procedure 194, Caliber requests that UUTIC disclose the information or material described in Texas Rule of Civil Procedure 194.2 within fifty (50) days of service of this request.

## VIII.

## PRAYER

WHEREFORE, Caliber respectfully request that this Court enter a judgment in Caliber's favor, awarding Caliber (1) its actual damages, (2) statutory damages sustained as a result of UUTIC's violations of Chapter 542 of the Texas Insurance Code, (3) attorneys' fees and expenses, (4) costs of court, (5) pre- and post-judgment interest at the highest rate allowed by law, and (6) all such other and further relief to which Caliber may be justly entitled.

Respectfully submitted,

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.
State Bar No. 13063300
Michael Stoner
State Bar No. 24104577
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7673
Ernest.Martin@haynesboone.com
Michael.Stoner@haynesboone.com
Telephone:     (214) 651-5000
Telecopier:    (214) 651-5940

ATTORNEYS FOR PLAINTIFF